## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:04CV89

| | | |
|---|---|---|
| TIMOTHY DANIEL HEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| RUTHERFORD COUNTY; JOHN | ) | |
| CONDREY, in *respondeat superior*, | ) | |
| County Manager; RUTHERFORD | ) | |
| COUNTY COURT; KEITH MELTON, | ) | |
| in *respondeat superior*, Clerk of Court; | ) | |
| JUDGE RANDY POOL, in individual | ) | |
| capacity & judicial capacity; CHIEF | ) | |
| DISTRICT JUDGE CILLEY, in | ) | |
| *respondeat superior*; RUTHERFORD | ) | |
| COUNTY SHERIFF'S DEPARTMENT; | ) | |
| SHERIFF DAN GOOD, in *respondeat* | ) | |
| *superior* & in individual capacity; | ) | |
| JOANNE LAVENDER, in individual | ) | |
| capacity, & bailiff capacity, & in | ) | |
| *respondeat superior*; ROY HARRISON, | ) | |
| in individual capacity, & in bailiff/jailer | ) | |
| capacity; and JOHN DOE, in individual | ) | |
| capacity, & in bailiff/jailer capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit. *Head v. Rutherford County*, 127 Fed. Appx. 117 (4th Cir. 2005). The Plaintiff/Appellant's petition for rehearing and for rehearing *en banc* was denied by the Fourth Circuit on August 2, 2005.

2

The Circuit noted that the undersigned imposed a pre-filing review system on the Plaintiff but stated that this Court had not provided the Plaintiff with notice of its intention to do so and an opportunity to respond. This overlooks the Memorandum and Order of Dismissal filed June 25, 2004, in which notice was explicitly provided. And, the Plaintiff filed another pleading after that Memorandum.

However, the Circuit has vacated the pre-filing review system imposed by the Court. The undersigned will, therefore, reimpose such system pursuant to its inherent powers. This Court has inherent power to control the judicial process and litigation to redress conduct "'which abuses the judicial process.'" ***Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).** "A federal court also possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct. A court may invoke its inherent power in conjunction with, or instead of, other sanctioning provisions such as Rule [11]." ***In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (internal citations omitted).** Indeed, a federal may do so *sua sponte*. ***Chambers, supra*.**

For the reasons stated in the previous decisions of the undersigned in this matter, the Court imposes a pre-filing review system pursuant to its inherent power. Any future writings received from the Plaintiff will be reviewed by the Court prior to filing. Unless they are made in good faith and contain substance, they will not be filed. ***Foley v. Fix*, 106 F.3d 556 (4th Cir. 1997); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979); *In re Joseph Marion Head*, 770 F.2d 393 (4th Cir. 1985); *In re Joseph Marion Head*, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994).** Thereafter, if such writings persist, the pre-filing system may be modified to include

3

an injunction from filings.  *See*, **28 U.S.C. § 1651(a);** *Judd v. U.S. Dist. Court for the Western Dist. of Texas,* **528 U.S. 5 (1999).**

 **IT IS, THEREFORE, ORDERED** that pursuant to the inherent powers of the undersigned, a pre-filing review system is hereby imposed.

4

**Signed: August 9, 2005**

Lacy H. Thornburg
United States District Judge